NORTH TEXAS GIN CO. et al. v. THOMAS.
(No. 9404.)*

(Court of Civil Appeals of Texas. Dallas.
Oct. 24, 1925. Rehearing Denied.
Nov. 21, 1925.)

1. Monopolies ⬤⟝28—Civil damages recoverable for unlawful combination to eliminate competitor.

Civil damages may be recovered for combination or conspiracy to eliminate a competitor by overbidding him, entered into in violation of Rev. St. 1925, arts. 7426, 7429 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 7796, 7799), though section 7436 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7806), and Penal Code, 1925, c. 3, tit. 19, nowhere expressly provides a remedy for private persons.

2. Conspiracy ⬤⟝1 — "Actionable conspiracy" at common law defined.

An "actionable conspiracy" at common law was a combination of two or more persons to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

3. Corporations ⬤⟝423—Gin company held liable for damages for conspiracy to eliminate competitor entered into by manager at particular place.

Gin company, owning and operating gins at various places, held liable for damages for unlawful conspiracy to eliminate competitor, entered into by a manager of one of its gins who had authority inherent in his position, and was authorized to represent company in daily purchases in open market.

4. Monopolies ⬤⟝28—In action for damages for conspiracy to eliminate competitor, instruction held not erroneous as applying to trusts generally.

In action for unlawful conspiracy to eliminate plaintiff as competitor, instruction which gave general definition of trust, based on Rev. St. 1925, art. 7426 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796), but in applying law to case submitted only issue of specific agreement raised by pleadings and evidence, held not erroneous.

5. Appeal and error ⬤⟝1040(10)—Overruling exception to petition in action for damages for conspiracy to eliminate competitor held not reversible error.

In action for conspiracy to eliminate plaintiff as competitor, overruling exceptions to petition on ground that allegations were too general held not reversible error, where no improper evidence was introduced, and sole issue submitted was as to existence of combination specifically and definitely alleged.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by W. L. Thomas against the North Texas Gin Company and others. Judgment for plaintiff, and defendants appeal from the order overruling a motion for a new trial. Affirmed.

Herbert W. Whisenant and J. J. Eckford, both of Dallas, for appellants.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

LOONEY, J. W. L. Thomas, appellee, sued the North Texas Gin Company, the Dallas Oil & Refining Company, both corporations, and Ira Allen for actual and exemplary damages, alleging, in substance, that for many years he had been engaged in the business of buying cotton and cotton seed in the town of Hutchins, Dallas county, Tex.; that in the pursuit of said business he came into competition with appellants, and each of them, who were engaged, either directly or through their agents and representatives, in the same business at Hutchins; that appellants were the only persons who would derive benefit or advantage from appellee's being excluded as a buyer of cotton or cotton seed from the producers on said market, and, being desirous of eliminating appellee as a competitor, and to establish for themselves a monopoly in the purchase of said commodities at said town, appellants, about the beginning of cotton season in 1922, combined, agreed, and conspired together to the effect that they would drive him out of said market as a buyer, and eliminate him as a competitor by bidding a higher price than that bid by appellee for said commodities offered for sale by the producers on the Hutchins market; that said agreement, combination, and conspiracy so entered into by appellants was renewed and confirmed between them at various times during the cotton season of 1922; and, the result being that the carrying out of same by appellants in thus daily outbidding him, appellee was forced out of the market as a buyer, and his business destroyed, to his great damage.

The jury, in response to a general submission, found for the plaintiff $5,000 actual damages, and this appeal is from the order of the court overruling appellants' motion for a new trial. Our conclusions as to the facts are reflected by the statement of appellee's allegations, which in our opinion were proven, and the verdict of the jury was warranted by the evidence.

[1] As is apparent from the above recitation, appellee's cause of action is based on the theory that the combination alleged and proven was in violation of the statute of this state against trusts and conspiracies against trade; that such a combination is prohibited and denounced as illegal, and, as his business was destroyed as the result of the carrying out of the conspiracy, he is entitled to recover from appellants the damage caused him as the result of the illegal combination,

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 27, 1926.

and this without regard to the fact that the statute in question nowhere expressly provides a remedy for private persons injured by such prohibited combination.

Appellants, on the other hand, contend that appellee has no cause of action, for the reason that said statute does not create or give a cause of action to any person suffering injury or damage against any one violating the same, but that all causes of action for penalties, civil and criminal, for the violation of said law, are expressly vested in the state. The judgment of the court below must stand or fall depending on the way this question is determined.

At common law it would have been perfectly lawful for appellants, as competitors of appellee, acting alone, or jointly, to outbid him in the price offered for cotton and cotton seed, and, if such competition resulted in their obtaining by purchase all of the commodities offered for sale by the producers on the market at Hutchins, and by reason thereof appellee was unable to maintain himself as a buyer, and was forced out of the market, no cause of action would exist in his favor for the reason that the means used to exclude him were deemed lawful, and such loss, if any suffered, would have been the result of competition considered legitimate. Brown v. Land Mortgage Co., 97 Tex. 599, 609, 80 S. W. 985, 67 L. R. A. 195; Delz v. Winfree, 80 Tex. 400, 16 S. W. 111, 26 Am. St. Rep. 755. However, the law of this state against trusts and conspiracies against trade prohibit and denounce, as illegal and criminal, combinations of capital, skill, or acts by two or more persons to accomplish certain named results that prior to the enactment of such law were not at all actionable.

Rev. St. 1925, art. 7426 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796), defines a trust as follows:

"A 'trust' is a combination of capital, skill or acts by two or more persons, firms, corporations or association of persons, or either two or more of them for either, any or all of the following purposes: 1. * * * To create or carry out restrictions in the free pursuit of any business authorized or permitted by laws of this state. * * * 3. To prevent or lessen competition in the * * * sale or purchase of merchandise, produce or commodities," etc.

Rev. St. 1925, art. 7429 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7799), reads:

"Any and all trusts, monopolies and conspiracies in restraint of trade, as herein defined, are prohibited and declared to be illegal."

Rev. St. 1925, art. 7436 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7806), provides for the imposition of severe penalties for the violation of any provision of the statute at the suit of the state brought by the Attorney General or under his direction. And, in addition, it is provided in chapter 3, title 19, Penal Code 1925, for the prosecution, criminally, of all persons entering into or executing such a combination.

Thus it is perfectly apparent that a combination by two or more persons or corporations to create or carry out restrictions in the free pursuit of any business authorized or permitted by the laws of this state, or to prevent or lessen competition in the sale or purchase of any produce or commodities, is by this statute prohibited, denounced as illegal, and severely penalized at the instance of the state in both civil and criminal actions.

[2] An actionable conspiracy, as it existed at common law, was a combination by two or more persons to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. Pettibone v. United States, 148 U. S. 203, 13 S. Ct. 542, 37 L. Ed. 419; 12 C. J. 540.

The element that, in our opinion, renders the combination entered into by appellants actionable is that it is prohibited and denounced as illegal by our statute. Such a combination would inevitably create and carry out restrictions in the free pursuit by appellee of his business as a cotton and seed buyer at Hutchins, a business not only authorized and permitted by law, but one of great value to the business life and activity of that community. Such a combination would not only work havoc to the business of appellee, but the natural and inevitable result of eliminating him as a competitor would prevent or lessen competition in the sale and purchase of cotton and cotton seed offered for sale at Hutchins. We therefore hold that appellee is entitled to recover from appellants damages resulting from the illegal combination entered into and carried out by them in efforts to eliminate him as a buying competitor in the Hutchins cotton and cotton seed market.

It would serve no useful purpose, but confuse rather than elucidate the subject under consideration, to discuss and distinguish the numerous cases cited that bear more or less on the question under consideration. The only case brought to our attention that is in point, and that gives to the statute under review the meaning we have imputed to it, is Griffin v. Palatine Ins. Co. (Tex. Com. App.) 238 S. W. 637. In that case Griffin brought suit against certain insurance companies and individuals to recover damages alleged to have been the result of a conspiracy formed by the defendants to render it impossible for him to obtain fire insurance on his stock of merchandise, thereby destroying his business as a retail grocer. The conspiracy found by the jury in that case to exist was by the Commission of Appeals held to be in violation of the anti-trust statute of the state, and that Griffin was entitled to recover damages for the injury suffered as the result of the illegal combination.

This doctrine is also announced in 12 Corpus Juris, p. 590, § 117, as follows: .

"One who suffers injury from acts done in furtherance of combinations or confederations entered into for the purpose of preventing competition in trade in commodities in common use, which combinations are declared illegal by statute, has a right of action to recover damages sustained."

To the same effect is the decision in Rourke v. Eld Drug Co., 75 App. Div. 145, 77 N. Y. S. 373, holding that, the combination charged being prohibited and made criminal, every act of defendants in furtherance of the object of the combination is unlawful, and it makes no difference whether such acts, if done by an individual not in the combination, might have been lawful, and that a person suffering thereby would be without remedy.

[3] 2. Appellants make the further contention that Henry Floyd, manager of the gin owned by North Texas Gin Company at Hutchins, was not authorized to make any agreement or enter any combination for or on behalf of said company, and, if any such alleged agreement was made or combination entered, the same was made and entered by Floyd without authority from the company and without its knowledge or the knowledge of any of its general officers and particularly its general manager W. T. Limerick, nor was any such agreement or combination, if made or entered into by Floyd, ratified or confirmed by said company.

The record before us shows that, besides the gin at Hutchins, the North Texas Gin Company owned and operated gins at Mesquite, Crandall, Seagoville, New Hope, Mary Lea, and Carrollton. The general office of the company was located in the city of Dallas, with W. T. Limerick in charge as general manager. Floyd was general manager of the gin at Hutchins, with authority to represent the company in the operation and management of the gin and in the purchase for it of cotton and cotton seed on the Hutchins market. In this capacity Floyd was clothed with such authority as inheres in the position of general manager of such a business. The corporation could only act by and through its representatives. Floyd, as manager, was in law the North Texas Gin Company at Hutchins. His acts and declarations, within the scope of the authority that pertains to the position of a general manager, will bind his principal. He was authorized to make daily purchases of cotton and cotton seed for his principal in the open market at Hutchins, and the company should not now be permitted to deny that he was clothed with the authority he was by it permitted to exercise. Amarillo Nat. Life Ins. Co. v. Brown (Tex. Civ. App.) 166 S. W. 658; Birge-Forbes Co. v. St. L. & S. F. Co., 53 Tex. Civ. App. 55, 115 S. W. 333; Holmes v. Tyner (Tex. Civ. App.) 179 S. W. 887. We therefore overrule this contention of appellants.

[4] 3. Appellants assign error on the charge of the court, and urge the following proposition:

"Because appellee sets up a specific combination, to wit, to out-bid appellee in the market at Hutchins in the buying of cotton and the charge of the court should confine itself to the law applicable to that allegation and the evidence, if any, supporting the same, and the court erred in embodying in his charge the objected to portions thereof, which was a substantial excerpt from what is known as the anti-trust law; Revised Statutes 1925, art. 7426 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796), defining trusts."

The court, in leading up to the application of the law to the facts of the case, gave the general definition of a "trust" substantially as contained in Revised Statutes 1925, art. 7426 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796), but, in applying the law to the case, submitted only the issue raised by the pleading and supported by the evidence, to wit, that, if they found from the evidence that the defendants had entered into an agreement to combine and outbid appellee with the view of eliminating him as a buyer from the market, and that this agreement was carried into effect, and its result accomplished, and appellee thereby suffered pecuniary injury as the direct result of such agreement, if any, the plaintiff was entitled to recover, etc. The charge of the court, in our opinion, was confined to the law applicable to the allegations and proof; that is, with reference to the specific allegations as to a combination on the part of appellants to outbid appellee in the market at Hutchins in buying cotton and cotton seed.

[5] 4. In its third and fourth assignments of error, as interpreted by propositions 8 and 9, appellants complain of the refusal of the court to sustain special exceptions urged by them to the petition of appellee, on the ground that the allegations were general, and did not sufficiently set forth the facts so as to advise appellants as to what they had to meet.

Appellants nowhere show that any improper evidence was admitted on the trial of the cause over their objection, or that they were prevented from presenting their evidence, or that in any other respect they were prejudiced by the ruling of the court on the exceptions. On the contrary, it appears that the only evidence introduced was on the sole issue as to the existence of the combination specifically and definitely alleged; that is, the combination to eliminate appellee as a competitor in the cotton market at Hutchins by outbidding him in the price offered for cotton and cotton seed, the execution of said combination, and the injury and damage resulting therefrom. The submission of the

case to the jury was limited to this issue, and, of necessity, the verdict could not have been based on any other. We overrule these assignments and propositions.

After a careful consideration of all assignments and propositions urged by appellants, we find no reversible error. The judgment of the court below will be and is hereby affirmed.

Affirmed.