JOHNS v. ASSOCIATED AVIATION UNDERWRITERS et al.

No. 13977.

United States Court of Appeals, Fifth Circuit.

April 3, 1953.

Fred W. Moore, Houston, Tex., for appellant.

Denman Moody, Jesse J. Lee, James K. Nance, Fred L. Williams and Willard B. Wagner, Houston, Tex., Williams, Lee & Kennerly, Houston, Tex., Baker, Botts, Andrews & Parish, Houston, Tex., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This was a libel suit brought by appellant against appellees, Association Aviation Underwriters and various insurance companies that were members of that association. More than a year after the alleged publication, Superior Oil Company was joined as a party defendant. Appellant claims that the action against Superior should be considered not as a libel suit, but as one for damages for the destruction of appellant's livelihood and profession as an airplane pilot. At the conclusion of plaintiff's evidence, the district judge directed a verdict for the defendants on the ground that the libel was privileged, and that, as against Superior, the action was barred by the Texas one year statute of limitations. R.C.S. of Texas, Art. 5524, subd. 1.

Appellant was employed in the year 1948 by Superior as an aircraft pilot and was discharged from that Company's employ about November 22, 1948. He alleged that his discharge was the result of a report of an investigation and inspection of all of the aviation facilities and pilot personnel of Superior Oil Company made by Associated Aviation Underwriters. We quote from the report excerpts of which the appellant complains.

"ATR Ratings for Crew Members:
"None of the crew members currently

employed by The Superior Oil Company have qualified for Airline Transport Rating (ATR).

\*   \*   \*   \*   \*   \*

"Operations:

"A. It is possible flight personnel employed have not been thoroughly investigated. This lack of investigation apparently pertains to both flying ability and background as well as personal traits and habits. This possibility is submitted as the writer was informed that in the past pilots were dismissed because of (1) lack of flying ability (2) failure to comply with company desires and verbal instructions (3) poor personal habits and traits.

"An indication of this is in the case of Carroll Lee Johns who was hired as a relief pilot. In checking with a previous employer we were unable to substantiate that Mr. Johns was anything other than an average pilot with questionable flying ability, as this employer lacked confidence in him as a pilot. In addition, we were informed he had a poor personality and in substance there was much better pilot material available. A check with another source, who has flown with Mr. Johns and has known him personally for seven or eight years, could not develop any information which would qualify Mr. Johns to operate aircraft in accordance with the high standards desired by the Superior Oil Company.

\*   \*   \*   \*   \*   \*

"4. If the information contained in this report in regards to Carroll Lee Johns is substantiated, it is recommended that the continued employment of Johns be reviewed by the company to determine if any action is indicated.

\*   \*   \*   \*   \*   \*

"18. It is believed advisable for all Superior Oil captains to obtain an ATR rating. It is recommended that this rating be obtained from one of the recognized competent schools authorized to give airline transport rating instruction. This training should be given with the thought in mind of possibly weeding out some of the weaker pilots,

if any exist, in the Superior Oil operation."

Associated Aviation Underwriters is unincorporated and, according to itself and the appellee insurance companies, is simply the name of the aviation insurance departments of those and other insurance companies. Appellant insists that Associated is a partnership, joint venture or combination whereby various insurance companies, some qualified to do business in Texas and some not, pool the risks of aviation policies in certain proportions and divide the profits earned from the premiums. In either event, Associated inspected new risks and made periodic inspections and reports of the aviation facilities insured by appellee insurance companies.

Superior's fleet of airplanes was protected by aviation hull and liability insurance policies issued by Fireman's Fund Insurance Company and Fireman's Fund Indemnity Company, two of the insurance company appellees. These two insurance companies re-insured or apportioned parts of Superior's aviation risks among other insurance companies including the other appellee insurance companies.

Appellant's first contention of error is that "the district court erred in refusing to allow appellant to either plead or prove the unlawful activities, combination and conspiracy on the part of appellees in violation of Texas and Federal statutes", citing, *inter alia*, Article 4686, Chapter 20, Title 78, Article 5039, Article 5924 of the R.C.S. of Texas; Articles 1067, 1069 and 1070 of the Texas Penal Code; and the Federal Anti-Trust Acts, 15 U.S.C.A., Chapter 20, Sec. 1011 et seq. We do not find as the statutory penalty for violating any of the laws, state or federal, on which the appellant relies, the forfeiture of the right to defend or to assert legal defenses in an action of libel, and we do not understand that the appellant so contends. Appellant says that the report in question cannot be privileged because, he contends, that Associated had no lawful interest in making the inspection and investigation of Superior's aviation facilities. His contention is that if the relationships are illegal then the privilege is withdrawn.

■ Here the defense of privilege could be proved without reference to any alleged illegal combination. As the aviation insurance department of the two insurance companies which insured the risks and without reference to any other companies, Associated could have made the inspection and report in aid of safety precautions to protect life and property. We do not think that the lawfulness or propriety of such conduct, not itself in furtherance of any unlawful purpose, can be collaterally assailed on the ground that the parties may be in violation of the anti-trust laws or members of an illegal combination. See Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679; Wilder Manufacturing Co. v. Corn Products Co., 236 U.S. 165, 35 S.Ct. 398, 59 L. Ed. 520; Small Company v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597; Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219, 5 Williston on Contracts, Rev.Ed., Sec. 1661; 36 Am.Jur., Monopolies, Combinations, etc., Secs. 173, 198. Appellant makes some contention that he was not allowed to develop a charge of unlawful combination or conspiracy to destroy his business or profession. A careful reading of the pleadings, however, discloses that appellant did not charge the appellees with any conspiracy to deprive him of his livelihood. His action was specifically based upon the alleged libelous report as a result of which he claimed his reputation was injured and that he had been deprived of his profession as a pilot.

■ As against the Superior Oil Company, particularly, appellant claims that his action was not for the publication of the libel, but was for the wrongful destruction of his business or profession, and consequently that the four year statute of limitations should apply rather than the one year statute concerning libel, and for this contention he relies upon Brown v. American Freehold Land Mortgage Co. of London, 97 Tex. 599, 80 S.W. 985, 67 L.R.A. 195. There the case made was that the defendants unlawfully and maliciously set out to destroy plaintiff's business as loan agents, and in doing so employed as means to that end representations that plaintiffs were dishonest and unreliable and that they were bankrupt and insolvent. The court held that the circumstances were such that plaintiffs could ground their action on the unlawful and malicious destruction of their business rather than upon the allegations as constituting libel or slander, and, hence, that the statute of limitations of one year did not apply. In the present case there is no averment or proof of any deliberate conspiracy or purpose to destroy plaintiff in his profession or occupation, nor of any malicious conduct to that end. It appears to us that the destruction of plaintiff's means of livelihood, instead of giving rise to a separate cause of action, was claimed merely as an element of damges flowing directly from the alleged libel. Superior Oil Company was not made a party defendant until February 27, 1950, at which time the one year statute of limitations had already run and the action against it was barred.

■ A communication made in good faith on any subject, in which the person reporting has an interest and in reference to which he has a duty, is conditionally or qualifiedly privileged if made to a person having a corresponding interest or duty. International & G. N. R. Co. v. Edmundson, 222 S.W. 181, Tex.Com.App., 27 Texas Jur., Libel and Slander, Sec. 35; 33 Am. Jur., Libel and Slander, Sec. 126. Under the law of Texas whether a publication is privileged or not is generally a question of law for the court to determine. Fitzjarrald v. Panhandle Publishing Co., Tex. Sup., 228 S.W.2d 499, 505. The facts in this case are undisputed as to the circumstances surrounding the preparation and publication of the report by Associated, and we think that the district court properly held that the report was conditionally or qualifiedly privileged.

■ It seems to be settled in Texas that there is a presumption of good faith and want of malice in the publication of a qualifiedly privileged communication. International & G. N. R. Co. v. Edmundson, supra; Fitzjarrald v. Panhandle Publishing Co., supra; 27 Texas Jur., Libel and Slander, Sec. 50. "The occasion being

privileged, the presumption of good faith obtained. The onus was on plaintiff to overcome this presumption." International & G. N. R. Co. v. Edmundson, supra, 222 S.W. at page 185.

The kind of malice required is best described in the same case: ·

"The malice which avoids the privilege is actual or express malice, existing as a fact at the time of the communication, and which inspired or col·ored it. Such malice exists where one casts an imputation which he does not believe to be true, or where the communication is actuated by some sinister or corrupt motive or motives of personal spite or ill will or where the communication is made . with such gross indifference to the rights of others as will amount to a willful or wanton act." 222 S.W. at pages 183–184.

■ The appellant makes no contention that the appellees did not believe the communication to be true or that they were actuated by sinister or corrupt motives or by spite or ill will, but does contend that the communication was made with such gross indifference to appellant's rights as to amount to a willful or wanton act. The evidence showed that the appellant actually had an airline transport rating at the time that the report stated that none of the crew members were so qualified. The evidence further went to show that the derogatory statements concerning the appellant were based upon only two telephone calls to persons who had known or been associated with him. We think that a jury might very well have found that there was no sufficient investigation to justify the statements against the appellant. We do not think, however, that the evidence ·was sufficient to submit to the jury the issue of such gross indifference to the rights of the appellant as would amount to willful or wanton conduct from which malice might be inferred. See 27 Texas Jur., Libel and Slander, Sec. 49.

In International & G. N. R. Co. v. Edmundson, supra, the alleged libelous charge was made without any investigation in reliance upon a report made by a detective agency. The court held that notwithstanding the conclusions may have been arrived at without sufficient evidence the presumption of good faith had not been overcome. In Express Publishing Co. v. Wilkins, 218 S.W. 614, 619, the Court of Civil Appeals of Texas said:

"Negligence cannot take the place of actual malice. The inference to be drawn from the proof of gross negligence cannot be substituted for proof of actual malice so as to destroy the immunity from damages given to a privileged publication."

We think that the district judge correctly instructed a verdict for Superior on the ground of the one year statute of limitations, and for the other defendants on the ground that the alleged libel was privileged and that there was no evidence to authorize the jury to find that it was maliciously published. The judgment is therefore

Affirmed.