**PAGE v. LAYNE–TEXAS CO.,**
Limited, et al.

No. 12499.

Court of Civil Appeals of Texas.
Galveston.

May 7, 1953.

Rehearing Denied June 4, 1953.

Vinson, Elkins & Weems, of Houston; Wm. B. Browder, Jr., and Stubbeman, Mc-Rae & Sealy, of Midland, and David L. Tisinger, of Austin, for appellant.

Fountain, Cox & Gaines, Joyce Cox, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 127th District Court of Harris County, Hon. William M. Holland, Judge, presiding, with a jury, setting aside a verdict that had been duly returned in favor of the appellant and entering instead a judgment in favor of the Appellees, non obstante veredicto.

The appellant was a contractor and the appellee a sub-contractor. The appellant had a contract with an El Paso, Texas, Water District, to install the water and sewer equipment and operating systems for such District; and he sub-contracted the drilling and partial equipment of four water-wells in the system to the appellee and this litigation between them grew out of and resulted from that relationship between them. The trial court first submitted what it deemed to be the controlling issues of fact raised by the pleadings and testimony, as presented by the parties, to a jury in some 52 special issues, which the jury answered, and returned their verdict into the court. The appellant was the plaintiff and cross-defendant below, while the appellees were the defendants and cross-plaintiffs there.

The special issues submitted, as indicated, were extensive, and amounted to a literal cross-examination of the jury on all phases of the controversy between the parties, such submission constituting a cross-examination of the jury upon all matters of fact the trial court deemed ultimate, and controlling.

After the coming-in of the verdict, under which all the issues were answered in favor of the appellant, he moved for judgment in his favor thereon, which the trial court refused.

Whereupon, also as indicated, the appellee moved the court to disregard such verdict, in toto, and render judgment for him, non obstante veredicto, which motion, as recited, the trial court duly granted.

The record and the briefs in this cause are all inordinate in length, to the extent of imposing a well-nigh impossible burden upon this Court.

The over-all question of law presented here, however, is deemed to be that of whether or not the learned trial court erred in discarding the jury's verdict in toto and rendering a judgment non obstante veredicto on findings of fact of its own, directly contrary to those of the jury.

This Court must hold that it did. In doing so, it concludes that the appellant's pleadings properly declared upon a sustainable cause of action by him against the appellees and that the evidence adduced

as supporting it was sufficient not only to authorize the verdict the jury rendered in response thereto, but to require the court to enter a judgment on its verdict.

The contracts lying at the base of the cause were in writing—that is, the appellant's contract with the El Paso Water District for the installation of the water and sewer systems as well as its subletting such work upon four of the wells in the system to the appellee, which was a sub-contractor in such undertakings, it constituting a limited partnership composed of several different persons.

Appellant was in the course of constructing such equipment and carrying out such undertakings on his part with the Water District, as likewise the appellee was also under its sub-contract with him to so drill and equip four of the wells, when the Water District stopped all of the work for the lack of funds.

That development apparently at least precipitated the difficulties between the appellant and the appellee, which, as indicated supra, resulted in this litigation. Among other differences the sub-contractor appellee demanded that the contractor appellant pay it the full contract for the total work on the four wells as provided therein, whereas, the contractor in turn contended that such full price had not been earned and was not due; although a meeting looking to a settlement between such two parties was held, no adjustment resulted but wider differences arose, which led to the filing of this suit by the appellant against the appellee, in which he charged it not only with demanding money upon their sub-contractorship contract as being due before it was and in greater amounts than it called for, but that the appellee had in fraud of appellant's rights circulated defamatory matter concerning him to appellant's bonding company as well as oral misrepresentations about him, had impaired his business, and damaged him in excess of $100,000. Appellant thus, in substance, in his brief outlines the nature of his suit:

"Appellant, Page, alleged and proved to the satisfaction of the jury, at least, that Layne-Texas, as sub-contractor, did not complete its work, and had maliciously filed the false claim and demand against him with his bonding company, thus impairing his bonding credit and preventing him from getting needed bonds from bond companies.

"He alleged that a large part of his business consisted of doing heavy construction work for public agencies, which require performance bonds on their work, as a matter of law, and that to do that kind of work, bonding credit was absolutely vital and necessary. He further alleged that the impairment of his credit, caused by the false claims, slowed down his business operations, and damaged him to the extent of $100,000. The jury found that the demand and claims served upon the bonding company, were false and were fraudulently made, and that Page had been damaged in the sum of $95,038.80.

"Page also alleged that he had made a settlement of his account with the appellee, Layne-Texas, just prior to the filing of the claims with the bonding company, that in the settlement he had transferred a note to Layne-Texas, and paid it cash on its promise not to further press its claims until a later time, that such promise was a fraud when made by Layne-Texas, and that defendant had not intended to perform it. This, the jury also found.

"Page alleged that the injury to his bonding credit was actionable, in that appellee had filed on his bonding company demanding a payment which it had agreed and contracted not to demand; that such filing was not only actionable as a *breach of contract,* but as a *tort,* in that the claim was false and untrue, as well as malicious, and amounted to disparagement, injurious falsehood and *unlawful business interference.* He further asserted the claim was fraudulently filed by appellee with the bonding company, and that based upon the same facts, he had a cause of action for fraud and conspiracy. This the trial court denied."

The appellee, in its turn, denied all such claims and liability to the appellant, filed a full cross-action against him for alleged debt to it, down under such written con-

tract between them, and also for the reasonable value of services claimed by it to have been rendered to him as such subcontractor.

Thereupon the court submitted the 52 Special Issues to the jury. The stated length of the verdict prevents its incorporation herein, but these findings, indicative of the tenor of its substance, as given above, may be indicated: (1) that the appellee did not perform even substantially the services so contracted and alleged by it to have been performed, (2) that the reasonable value of its services done on the work was $17,500 less than its claim, (3) that the claim it had filed with the appellant's bonding company was a false claim, as well as a violation of the agreement it had made with appellant, and (4) that appellee had not acted in its own interests, but was guilty of fraud in making the claim, and that such claim had been made without probable cause.

 This Court holds that it became the duty of the trial court to enter a judgment upon the verdict so rendered by the jury, since that verdict contained findings favorable to the appellant upon recoverable rights it declared upon, it being the well-established law that a judgment in disregard of the verdict is authorized only when there is no evidence supporting it. Sanders v. Harder, 148 Tex. 593, 227 S.W. 2d 206, 210; Dallas County v. Miller, 140 Tex. 242, 166 S.W.2d 922, 924; Rules 301 and 290 T.R.C.P.; Neyland v. Brown, 141 Tex. 253, 170 S.W.2d 207, 212, 172 S.W.2d 89.

Among his other elements of damage alleged by appellant against the appellee, was that it had tortiously interfered with and disparaged his business and his business accounts, by going behind his back to his insurance carrier and misrepresenting what he had done to his bonding company, thereby damaging his bonding credit. 30 Am.Jur. 86–87; Brown v. American Freehold Land Mortgage Co., 97 Tex. 599, 80 S.W. 985, 67 L.R.A. 195; 56 Yale L.J. 885; Garrett v. Taylor Cro Jac 567, 79 Eng Reprint 485; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118.

In the light of what has been said, it seems to be the law that any willful and unjustified interference by one party with the business of another, such as appellant charged had been visited upon him and his business by the appellee here, is actionable although, possibly, it may not go far enough to have constituted the technical offenses of slander and libel. Prosser on Torts, 996; Salmond, Torts, 588 (10th Ed.1945); Advance Music Corporation v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401.

Further discussion is deemed unnecessary, since these conclusions require reversal of the judgment rendered, and a remand of the cause to the court below for the entry of some judgment there, upon the verdict so rendered by the jury. Chaffin v. Drane, Judge, Tex.Civ.App., 131 S.W.2d 672; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Rules 300 and 301 T.R.C.P.

Reversed and remanded.