Mrs. Ben LEVINE, Appellant,

v.

FIRST NATIONAL BANK OF EAGLE PASS, Appellee.

No. 04–85–00154–CV.

Court of Appeals of Texas,
San Antonio.

March 5, 1986.

Rehearing Denied April 8, 1986.

Arnold L. Levey, David L. Willis, San Antonio, for appellant.

John W. Claybrook, Eagle Pass, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an order of dismissal entered by the trial court on February 12, 1985, dismissing an action filed by Mrs. Ben Levine, the appellant and plaintiff below, after sustaining a plea of limitations raised by the appellee, the First National Bank of Eagle Pass (Bank).

Levine applied for a Small Business Association loan in August 1979, but was denied the loan when the Bank issued a negative credit report. Levine reapplied for the loan, omitting the Bank as a reference, and subsequently received the loan. Levine filed suit against the Bank and alleged in her original petition that she was informed by the Small Business Association (SBA) that the Bank gave a negative credit reference even though Levine had a good credit history. Levine further alleged that her husband had had a dispute in 1978 with one of the Bank's officers, which was unrelated to Levine's loan application or any bank business.

The petition alleged that the Bank's actions were "willful and malicious and intentionally done to harm and injure [Levine's] credit standing." Levine maintains that this language states a cause of action for tortious and wrongful interference with business relations. Levine sought damages resulting from the delay in the approval of the SBA loan, and exemplary damages because of the allegedly willful and malicious nature of the Bank's actions. Levine's petition was filed on January 25, 1983.

The Bank answered, asserting that the facts alleged by Levine showed a cause of action, if any, which arose more than two years prior to filing of the suit. Thus, the Bank pled the statute of limitations as a bar to Levine's actions.

In its pre-trial brief to the trial court, the Bank argued that the Federal Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, concerning the issuance of credit reports, provided the only basis upon which Levine could bring suit. This statute prescribes a two year limitation period commencing after a misrepresentation is discovered.

Levine, however, argued that the action was for tortious interference with business relations, which she alleged to have a four year statute of limitations. The trial court dismissed Levine's suit with prejudice, finding that:

Such cause of action, if any, as Plaintiff may have had against Defendant by reason of the facts alleged in Plaintiff's pleadings accrued more than two (2) years before this case was filed on January 25, 1983, and had become barred by the applicable statute of limitations prior to the filing of said cause ...

The sole point of error raised by Levine on this appeal is alleged error by the trial court in dismissing the cause of action based upon TEX.REV.CIV.STAT.ANN. art. 5526, the two year statute of limitation. Levine argues that article 5529, or alternatively article 5527, both of which are four year limitation statutes, control in an action for wrongful interference with business relations.

To establish a cause of action for tortious interference with business or prospective contractual relations, the plaintiff must show:

1. A reasonable probability that the parties would enter into a contractual relationship;

2. that the defendant acted maliciously by intentionally preventing the relationship from occurring with the purpose of harming the plaintiff;

3. the defendant was not privileged or justified; and

4. actual harm or damage occurred as a result of the interference.

*Verkin v. Melroy,* 699 F.2d 729 (5th Cir. 1983); *see also Leonard Duckworth, Inc. v. Michael L. Field & Co.,* 516 F.2d 952 (5th Cir.1975); *CF & I Steel Corp. v. Pete Sublett & Co.,* 623 S.W.2d 709 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Levine's original petition alleged each of these elements necessary to support a cause of action for tortious interference. That Levine may also have alleged the elements required in an action under the Fair Credit Reporting Act, which would be barred under that statute's two year limitation period, does not preempt an action for tortious interference. As Levine alleged the elements necessary to raise a claim of tortious interference, the question before us concerns the limitation period applicable to the cause asserted.

TEX.REV.CIV.STAT.ANN. art. 5529 (Vernon 1958)[1] provides in pertinent part:

Every action ... for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring same shall have accrued and not afterward.

Article 5529, then, applies in those situations not subject to limitation periods prescribed in other statutes. Therefore, we must examine those statutes which may be relevant to an action for tortious interference, to determine if they apply to Levine's suit.

Article 5524 establishes a one year limitation period for actions involving malicious prosecution or for injuries to one's character or reputation by libel or slander. Levine did not allege that the negative credit report issued by the Bank harmed either her personal reputation or her business' reputation, nor did she seek damages for such injury. Rather, Levine is seeking to recover for business losses resulting from the Bank's actions. Thus, the primary gravamen of Levine's cause is not libel or slander. Therefore, the one year limitation period of article 5524 is inapplicable. *Brown v. American Freehold Land Mortgage Co.,* 97 Tex. 599, 80 S.W. 985 (1904); *Gulf Atlantic Life Insurance Co. v. Hurlbut,* 696 S.W.2d 83 (Tex.App.—Dallas 1985, no writ).

Article 5526 provides:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, but not afterward, all actions or suits in court of the following description:

1. Actions of trespass for injury done to the estate or property of another.

2. Actions for detaining the personal property of another, and for converting such property to one's own use.

3. Actions for taking or carrying away the goods and chattels of another, and for converting such property to one's own use.

4. Action for injury done to the person of another.

\* \* \* \* \* \*

This article includes general tort actions. However, tortious interference with business or prospective contractual relations is

---

1. Articles 5524, 5526, 5527 and 5529 were repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1), effective September 1, 1985. *See now* the TEX.CIV.PRAC. & REM.CODE § 16.001 *et seq.* (Vernon 1986). The general rule in Texas is that the statute of limitation that is in force at the time a suit is brought provides the applicable limitations period. *Doran v. Compton* 645 F.2d 440 (5th Cir.1981). Thus, articles, 5524, 5526, 5527 and 5529 control the applicable limitations period in this cause.

not expressly covered. As noted, tortious interference is a malicious or intentional interference with a relationship done to harm the plaintiff, without reason or justification. It does not involve injury to the person of another or the detaining, taking, carrying away, or conversion of property to one's own use. An action in trespass for injury to the property of another contemplates direct interference with the right of use or possession of personal property or a physical injury to land, rather than a subsequent injury resulting from intentional acts. *Mountain States Telephone & Telegraph Co. v. Vowell Construction Co.,* 161 Tex. 432, 341 S.W.2d 148 (1960). Thus, actions enumerated in article 5526 do not include tortious interference with business or prospective contractual relations.

■ Article 5527 sets a four year limitation period for actions arising out of a contract between the parties to the contract. This article does not govern in actions involving interference in contract relations with a third party, but applies to disputes arising between the contracting parties. Thus article 5527 is also inapplicable.

■ There appears to be no specific limitations provision that applies in actions for tortious interference. Consequently, we hold that the general four year period found in article 5529 controls. Support for this position is found in *Phillips Chemical Co. v. Hulbert,* 301 F.2d 747 (5th Cir.1962). The United States Court of Appeals for the Fifth Circuit, in applying Texas law, determined that the four year statute of limitations is applicable in cases where malicious or intentional interference is proven. The Court in *Hulbert* did not specify which four year limitations statute it found applicable, however, in accordance with our previous discussion, article 5529 would seem to supply the required limitations.

Levine's point of error is sustained. The error by the trial court in dismissing the cause of action based upon a two year statute of limitations requires that this cause be reversed and remanded for a new trial.

The cause is reversed and remanded for trial in accordance with this opinion.