FIRST NATIONAL BANK OF EAGLE PASS, Petitioner,

v.

Mrs. Ben LEVINE, Respondent.

No. C–5332.

Supreme Court of Texas.

Nov. 26, 1986.

John W. Claybrook, Eagle Pass, for petitioner.

Fulbright & Jaworski, John Wesley Raley and Roger Townsend, Houston, amicus curiae on behalf of petitioner.

David L. Willis and Arnold L. Levey, Levey, Levey & Baugh, San Antonio, for respondent.

WALLACE, Justice.

This is a suit by Mrs. Ben Levine against First National Bank of Eagle Pass, Texas, for tortious interference with business relations. The sole issue is whether the two-year or four-year statute of limitations applies to this cause of action. The trial court granted a summary judgment for the Bank on the basis that the two-year statute applies. The court of appeals, based upon a holding that the four-year statute applies, reversed the judgment of the trial court and remanded the cause for trial. 706 S.W.2d 749 (Tex.App.1986). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The petition of Mrs. Levine alleged that she had made an application for a loan from the Small Business Administration and gave the Bank as a credit reference. The loan was refused. She submitted another application without the Bank as a reference and the second application was granted. She further alleged the Small Business Administration told her that the Bank had given a negative credit reference. The parties stipulated that the events made the basis of this suit occurred more than two years, but less than four years, prior to the filing of the suit.

The applicable statute of limitations in effect at the time the case was filed was TEX.REV.CIV.STAT.ANN. art. 5526, now TEX.CIV.PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986) (the two-year statute) and art. 5529, now TEX.CIV.PRAC. & REM.CODE § 16.004 (Vernon 1986) (the four-year statute). Article 5526 stated in pertinent part:

> There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
> 1. Actions of trespass for injury done to the estate or the property of another.

Article 5529 stated in pertinent part:

> Every action ... for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring same shall have accrued and not afterward.

The dispositive question in this case is whether a suit for tortious interference with business relations is an action of trespass for injury done to the estate or property of another. To determine the answer to that question we must look to judicial history and its treatment of the tort of "trespass."

The Constitution of the Republic of Texas, 1836, Art. IV, Sec. 13, 1 Laws of Texas 1074, provided that Congress should as early as practicable enact by statute the Common Laws of England. In response to that constitutional mandate, the Congress of the Republic of Texas, on January 20, 1840, declared that "the Common Law of England ... should continue in force until altered or repealed by Congress." 2 Laws of Texas 177.

In reviewing the history of English Common Law, we find that the original meaning of the term "trespass" was that "a

defendant 'with force and arms' and 'against the peace of our Lord the King' had interfered with a plaintiff's land or goods." B. Lyon, *A Constitutional & Legal History of Medieval England,* 634 (2d ed. 1980). By the thirteenth century, however, the definition of "trespass" had been expanded to include what, in our jurisprudence, is known as a tort. S.F.C. Milsom, *Historical Foundation of the Common Law,* p. 261 (1969).

Following the English Common Law, this Court in 1885, in interpreting "trespass" as used in the two year statute of limitations stated:

> The word "trespass" as here used, is used, not in the technical sense, but broadly, and means any act violative of the right of another through which injury is done to his estate or property.

*Bear Bros. & Hirsch v. Marx & Kempner,* 63 Tex. 298 (1885).

Tortious interference with a contract was held to be controlled by the two-year statute in *Atomic Fuel Extraction Corp. v. Estate of Slick,* 386 S.W.2d 180 (Tex.Civ. App.—San Antonio 1964) *writ ref'd n.r.e. per curiam,* 403 S.W.2d 784 (Tex.1965). In *National Founders Corp. v. Central National Bank,* 521 S.W.2d 92 (Tex.Civ.App. —Houston [14th Dist.] 1975, writ ref'd n.r. e.), the plaintiff alleged a tortious interference with business relations by the defendant bank by wrongful foreclosure of stock pledged to secure a loan. The court of civil appeals upheld a summary judgment based upon a holding by the trial court that suit was barred by the two-year statute of limitations.

In *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375 (Tex.Civ.App.— Tyler 1978, writ ref'd n.r.e.), a former client of a law firm alleged that the firm actively "interfered with [his] interest in the family business." The trial and appellate courts held the action to be barred by the two-year statute of limitations.

Black's Law Dictionary defines "trespass" as:

> *Trespass.* An unlawful interference with one's person, property, or rights.

At common law, trespass was a form of action brought to recover damages for any injury to one's person or property or relationship with another.

BLACK'S LAW DICTIONARY 1347 (5th ed. 1979).

The court of appeals in this case relied on *Phillips Chemical Co. v. Hulbert,* 301 F.2d 747 (5th Cir.1962) in holding that the case is controlled by the four-year statute. In *Hulbert,* the court, without discussing the issue, stated that the four-year statute of limitations applied to an action for interference with business relations. The court cited *Brown v. American Freehold Land Mortgage Co.,* 97 Tex. 599, 80 S.W. 985 (1904) as authority. The *Brown* case merely held that the plaintiff's cause of action was not limited to libel and slander, thus the one-year statute of limitations did not apply. It is inapplicable both to the *Hulbert* facts and to this case. For this reason, the court in *Hulbert* incorrectly held the four-year statute applied to wrongful interference with business relations.

The Fifth Circuit case which correctly interprets Texas law is *Coastal Distributing Co., Inc. v. NGK Spark Plug Co., Ltd.,* 779 F.2d 1033 (5th Cir.1986), which held that the two-year statute of limitation applied to a case alleging unfair competition. The court stated:

> The unfair competition claim, based on NGK's wrongful acquisition and use of Coastal's trade secrets, is a tort governed by the two-year limitations period of article 5526.

779 F.2d at 1038.

We hold that trespass, within the meaning of article 5526, includes suits for tortious interference with business relations. Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.