SILVIA MORODER LEON y CASTILLO, et al., Plaintiffs,

v.

KECK, MAHIN & CATE, et al., Defendants.

Civ. A. No. H–92–1110.

United States District Court, S.D. Texas, Houston Division.

March 18, 1993.

Graham Kerin Blair, Verner Liipfert Bernhard McPherson & Hand, Houston, TX, for plaintiffs.

Walter B. Stuart, IV, Vinson & Elkins, Houston, TX, for First City Bancorporation of Texas, Inc., First City TX–Dallas, Houston, N.A., First City TX–Houston, Dallas, First City Asset Servicing Co.

Lawrence R. Samuels, Ross & Hardies, Chicago, IL, for Frank C. Cihak.

David Michael Bond, Vinson & Elkins, Houston, TX, for Robert D. Richley, Carlos E. Fonts, Fonts & Associates, Inc.

William E. Blais, Michael T. Hannafan & Associates, Chicago, IL, Timothy James Henderson, Boyar Simon & Miller, Houston, TX, for E. Kevin Hart, Pelican Group, Inc.

William Key Wilde, Bracewell & Patterson, Houston, TX, for Keck Mahin & Cate.

## MEMORANDUM OPINION

NORMAN W. BLACK, Chief Judge.

This case is before the Court on the Motion for Summary Judgment filed by Defendants Keck, Mahin & Cate ("KMC") and Landan. By prior order of the Court, all motions were referred to the United States Magistrate Judge for decision or, on dispositive motions, for Memorandum and Recommendation. Following oral argument, the Magistrate Judge issued his Memorandum and Recommendation regarding Defendants' motion for summary judgment. Defendants submitted timely objections to the Magistrate Judge's memorandum, Plaintiffs filed their response to Defendants' objections, and both parties presented oral argument to the Court. The Court's review of the Magistrate Judge's Memorandum and Recommendation is *de novo,* and the Court prefers to issue its own memorandum opinion on Defendants' Motion for Summary Judgment.

The factual background in this case is basically undisputed. In early 1989, Plaintiffs (the Coca family and their related companies) entered into negotiations with representatives of First City Bancorporation of Texas, Inc. ("First City") to refinance Plaintiffs' multi-million dollar debt in order to avoid the imminent exercise of an option to purchase certain of Plaintiffs' properties. These negotiations resulted in an agreement whereby Citibank Spain loaned Plaintiffs $119.5 million secured by a $120 million irrevocable letter of credit from First City which was secured by mortgages on all Plaintiffs' properties in Spain. Pursuant to the transaction documents, Plaintiffs were required to transfer to an administrator selected by First City all power to manage the properties and to oversee the orderly sale of the real estate. The administrator would have full authority to oversee First City's collateral, including the authority to accept or reject purchase offers and to manage the properties. First City named Pelican Group, Inc., a corporation which was owned in its entirety by Kevin Hart, as the Sole Administrator contemplated by the transaction documents.

Plaintiffs defaulted, Citibank Spain recovered its funds from the First City letter of credit, and First City declared the mortgages in default. In response, Plaintiffs filed this lender liability action against First City and its officers, Pelican and Hart, Defendants Landan and KMC, and various other individuals and entities. Plaintiffs subsequently settled with all Defendants except Landan and KMC.[1] These two defendants moved to

---

1. The Court notes that the settlement also did not include Defendants Western Hemisphere Holdings and Freddy Sidi. These Defendants were served on April 17, 1992 and have not answered. In accordance with Local Rule 20, the complaint as against these two defaulting defendants will be

dismiss because the complaint made no allegations of wrongdoing against them and instead complained only of misconduct on the part of First City and Pelican. The motion to dismiss was denied, with leave granted for Plaintiffs to conduct discovery and file an amended complaint. When Plaintiffs filed the amended complaint, allegations previously made against First City and Pelican were converted to allegations against Landan and KMC, and it was also alleged for the first time that Landan and KMC were legal counsel for Plaintiffs. Landan and KMC filed the motion for summary judgment which is now ripe for decision.

■ The United States Supreme Court has held that a motion for summary judgment is properly granted unless there is evidence "on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the Plaintiff is entitled to a verdict." *Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Rule 56, no longer a disfavored procedure in federal practice, is an integral part of the Federal Rules of Civil Procedure and recognizes a party's right to demonstrate that certain claims have no factual basis and to have those unsupported claims disposed of prior to trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the case at bar, Plaintiffs have failed to raise a genuine issue of material fact and Defendants are entitled to summary judgment.

### BREACH OF FIDUCIARY DUTY

■ Plaintiffs first cause of action is for breach of fiduciary duty. In their attempt to create a fiduciary relationship between themselves and Defendants, Plaintiffs allege that Landan and KMC were their attorneys. Plaintiffs have failed to present evidence which supports this allegation, however, and have failed to raise a genuine issue of material fact. Affidavits filed by First City's Vice-Chairman, Pelican's President, and Defendant Landan assert that Landan and KMC never provided legal advice or counsel to

Plaintiffs. More importantly, testimony given by Plaintiff Inigo Coca prior to the settlement with First City included statements that "I informed First City through their attorneys, Henry Landan of Keck, Mahin & Cate, and Uria & Menendez, of my family's decision to reject the proposal" and that it was not disclosed to his family that Landan, "an attorney and fiduciary to First City," would have power over certain properties. Perhaps the clearest description of the relationships is provided by Mr. Coca in an affidavit in which he stated "Even though I understood Mr. Landan to be First City's lawyer, I also trusted Mr. Landan, as my family's friend, to be giving me sound advice during these conversations." It is undisputed that Plaintiffs had a full team of legal counsel and advisers throughout the negotiation, formation and implementation of the loan transaction. Correspondence between Landan and Plaintiffs' counsel includes numerous references to "our client" being First City and "your client" being the Coca family.

Plaintiffs' evidence that Landan negotiated agreements with potential purchasers on behalf of the Coca Family and their related companies and signed documents "on behalf of" the Coca family companies fails to raise an issue of fact regarding Landan and KMC acting as their counsel. The signature by Landan "on behalf of" and as "attorney" for a company was proper because Pelican, as Sole Administrator, was the only entity with authority to sell the property, and Landan and KMC were the attorneys for Pelican. Plaintiffs' argument that the President of Pelican and the Coca family believed that Landan was acting on behalf of Plaintiffs is contradictory to the many statements by Plaintiffs discussed above and to a previous affidavit filed by Pelican's President. The fact that KMC's bills for legal services were sent directly to Plaintiffs for payment does not support Plaintiff's allegations, because such payment by the borrower is customary in commercial loan transactions and was required by the transaction documents. Additionally, the invoices included clear and unambiguous notations that they were for legal

*dismissed without prejudice for want of prosecu-* *tion.*

services performed for First City and/or Pelican and not for Plaintiffs. The Court finds without reservation that Plaintiffs have failed to raise a genuine issue of material fact regarding their allegation that Landan and KMC served as their attorneys.

Plaintiffs also attempt to create a fiduciary relationship by alleging that Landan and KMC exceeded the bounds of their role as attorney and thereby became principals of Pelican, the Sole Administrator. The uncontradicted evidence establishes that, as part of the legal representation of First City and Pelican, Landan was named assistant secretary of Pelican and was given certain powers of attorney. All actions taken by Landan in these capacities were in connection with and to facilitate his role as attorney for Pelican, and were at the direction of Pelican and/or First City. Indeed, all services provided by Landan as assistant secretary or attorney-in-fact were invoiced as legal fees by KMC. The Court finds that there is no genuine issue of fact regarding whether Landan and KMC exceeded their roles as attorneys and, thereby, created a fiduciary relationship with Plaintiffs.

■ Plaintiffs also appear to assert a fiduciary relationship based on the friendship and trust existing between Plaintiffs and Defendant Landan. A fiduciary duty cannot be created, however, by a long-standing relationship of faith and trust. *Rutherford v. Exxon Co. U.S.A.*, 855 F.2d 1141, 1146 (5th Cir.1988). Texas law is equally clear that "mere subjective trust alone does not create a fiduciary duty." *Tel–Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134 (5th Cir.1992); *Lee v. Wal–Mart Stores, Inc.*, 943 F.2d 554 (5th Cir.1991), *citing Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1962). As a result, the trusting friendship between Plaintiffs and Landan, however strong, does not establish a fiduciary relationship.

Absent a genuine issue of material fact regarding the existence of a fiduciary relationship between Plaintiffs and Defendants, Defendants' motion for summary judgment as to the breach of fiduciary duty claim should be granted.

## FRAUD AND CIVIL CONSPIRACY

■ Plaintiffs also assert causes of action for fraud and for civil conspiracy to commit fraud. In both their Original Complaint and their Amended Complaint, Plaintiffs fail to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Instead, Plaintiffs make only conclusory allegations that Landan made undefined misrepresentations regarding "the benefits of the First City transaction" and "his role in all aspects of the transaction." This is clearly inadequate to meet the particularity requirement of Rule 9. Additionally, the Court notes that many of the conclusory allegations involve failures on the part of Landan to reveal certain information. As noted above, however, Plaintiffs have failed to present an issue of fact regarding any relationship with Landan and KMC which would impose a duty to disclose. Having failed in two attempts to plead adequately a cause of action against Landan and KMC, summary judgment on these fraud-based claims is appropriate. *See Whalen v. Carter*, 954 F.2d 1087 (5th Cir.1992).

## DURESS

■ Plaintiffs' duress claim involves the alleged failure of KMC and Landan to return certain documents to Plaintiff prior to the July 12, 1989 loan/guarantee agreement. This cause of action is barred by the two-year statute of limitations. *Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990) (tort without specified limitations provision would presumptively be a "trespass" for limitations purposes); Tex.Civ.Prac. & Rem.Code § 16.003 (Vernon 1992) (two-year statute of limitations for trespass actions). While Plaintiffs argue in their opposition to the motion for summary judgment that Landan continued to "impose his will upon the Coca Family" in May and June of 1990, there are no allegations in the Amended Complaint's duress claim beyond the failure to return documents. As a result, Defendants' Motion for Summary Judgment as to the duress claim should be granted.

## TORTIOUS INTERFERENCE

Plaintiffs' cause of action for tortious interference, which also contains a single allega-

tion regarding Defendants' failure to return documents, is likewise barred by the two-year statute of limitations, *First National Bank of Eagle Pass v. Levine,* 721 S.W.2d 287 (Tex.1986), and summary judgment is appropriate.

## NEGLIGENCE

As discussed above in connection with the breach of fiduciary duty claim, Plaintiffs have failed to raise a genuine issue of fact regarding any duty to Plaintiffs on the part of Landan and KMC. Defendants were not Plaintiffs' attorneys, were not Plaintiffs' fiduciaries, and were not the Sole Administrator charged with managing the properties. Absent such a duty, Plaintiffs' cause of action for negligence must fail.

## BREACH OF CONTRACT

■ It is undisputed that KMC and Landan were not parties to the loan agreement or any other contract with Plaintiffs. Because there is no privity of contract between Plaintiffs and KMC or Landan, there can be no breach of contract. Additionally, because KMC and Landan owed duties only to their clients, First City and Pelican, there is no "third party beneficiary" theory available as a basis for liability. *Copeland v. Tapp,* No. H–89–0444 (S.D.Tex. April 5, 1990), *aff'd* 963 F.2d 369 (5th Cir.1992); *Marshall v. Quinn–L Equities, Inc.,* 704 F.Supp. 1384 (N.D.Tex. 1988). Accordingly, summary judgment in favor of Defendants is appropriate on the breach of contract claim.

## ALTER EGO

■ Plaintiffs assert that Pelican is the alter ego of Defendants Landan and KMC. It is well-established that the alter ego doctrine is available only where the defendants own stock in the alleged alter ego corporation. *Permian Petroleum Co. v. Petroleos Mexicanos,* 934 F.2d 635 (5th Cir.1991). It is undisputed in this case that Landan and KMC owned no shares of Pelican.

■ As an additional basis for entry of summary judgment in favor of Defendants on the alter ego claim, the Court notes that the individual Plaintiffs in 1990 waived any right to object to the exercise by Pelican of its powers and authority and executed an agreement indemnifying Pelican and its officers, directors and advisors from any claims of liability for actions undertaken by Pelican as Sole Administrator. Subsequently, in 1992, Plaintiffs entered into a settlement of their claims against Pelican. Absent any liability on the part of Pelican, there can be no liability to be imposed on those who may "stand in the shoes" of Pelican as a result of the Court disregarding the corporate structure. *Gibraltar Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1286 (5th Cir.1988), *cert. denied* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989).

With reference to Plaintiffs bald assertion that Pelican was created by KMC as a sham to perpetrate a fraud upon the Plaintiffs and for the illegal purpose of shielding KMC and Landan from potential liability, the record is totally devoid of any evidence whatsoever to support this claim.

## AGENCY

■ Plaintiffs allege that KMC should be held liable for the misconduct of Landan, its partner. Initially, the Court notes, as discussed herein, that Plaintiffs have failed to present evidence to support their claims of misconduct against Landan and to avoid summary judgment. Additionally, allegations of misconduct by Landan outside his role as attorney to First City and Pelican would not be attributable to KMC, for it was only in that role that Landan was an agent of KMC.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion for Summary Judgment should be granted. Additionally, the claims against Defendants Western Hemisphere Holdings and Freddy Sidi must also be dismissed without prejudice pursuant to Local Rule 20 for failure to prosecute. An appropriate final order consistent with this memorandum opinion shall be issued this day.