IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00175-CV

 

156 Alliance Partners, Ltd.,

                                                                      Appellant

 v.

 

Republic Energy, Inc.,

                                                                      Appellee

 

 



From the 16th District Court

Denton County, Texas

Trial Court No. 2003-10039-16

 



MEMORANDUM  Opinion










 

          Alliance sued Republic for tortious
interference with an existing contract.  Republic, in addition to its other
defenses, asserted the affirmative defense of limitations.  Republic moved for
and was granted summary judgment.  There is no dispute that the alleged interference
occurred more than two but less than four years before suit was filed.  Alliance can only prevail if the four year limitations period applies, or if the discovery
rule applies.  Because the Supreme Court of Texas has determined the two year
limitations period is applicable to a claim for tortious interference, and
because under the relevant Supreme Court authority the allegedly tortious
events were not inherently undiscoverable, we affirm the trial court’s judgment
that Alliance take nothing from Republic.

Background Facts

          The underlying case is a dispute over
mineral interest.  Alliance had a contract under which a third party was to
offer to lease Alliance mineral interest before it was leased to someone else. 
This contract was recorded in the deed records.  The third party allegedly
leased to Republic without first offering the lease to Alliance.  Alliance ultimately sued Republic, roughly three years after Republic obtained the leases.

Four Year or Two Year
Limitations

Alliance
asserts that the four year residual limitations period should apply to claims
for tortious interference.  See Tex.
Civ. Prac. Rem. Code Ann.
§ 16.051 (Vernon 1997).  This issue has been determined against Alliance by the Texas Supreme  Court.  First Nat. Bank of Eagle Pass v. Levine,
721 S.W.2d 287, 288-89 (Tex. 1986).

Alliance
argues that we should reexamine Levine in light of the Supreme Court’s
more recent holding in Williams v. Kahlof and the Texarkana court’s
inability to square the rationale in Williams with Levine.  See
Williams v. Kahlof, 802 S.W.2d 651, 657-58 (Tex. 1990); Burke v.
Union Pac. Res. Co., 138 S.W.3d 46, 72 (Tex. App.—Texarkana 2004, pet.
denied); Dickson Constr. v. Fidelity & Deposit Co., 960 S.W.2d 845,
849 (Tex. App.—Texarkana 1997, no writ).

We are bound to follow the precedent of the
Texas Supreme Court.  Even if we were to join Texarkana in this argument, we
are not free to disregard the Supreme Court’s pronouncement in Levine. 
Indeed, Levine was expressly discussed and confirmed in Williams. 
Williams, 802 S.W.2d at 654.

But until the Texas Supreme Court or the
Legislature says otherwise, the limitations period for a claim of tortious
interference with contract is two years.  First Nat. Bank of Eagle Pass v. Levine, 721 S.W.2d 287, 288-89 (Tex. 1986).  Alliance’s issue is
overruled.

Discovery Rule

          To avoid the bar of the two year
limitations period, Alliance asserts that the period of limitations on their
claim is extended by application of the discovery rule.  The discovery rule
applies only when the type of injury alleged is inherently undiscoverable.  Computer
Assocs. Int'l v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996).  “An injury
is inherently undiscoverable if it is by nature unlikely to be discovered
within the prescribed limitations period despite due diligence.”  S.V. v.
R.V., 933 S.W.2d 1, 7 (Tex. 1996).

          The conveyance of the mineral interest
to Republic in alleged violation of Alliance’s agreement was a matter of public
record.  Alliance alleges that Republic knew, or should have known, of Alliance’s contractual rights because Alliance’s contract was recorded.  For the same
reason, Alliance knew, or should have known, of the taking of the leases by
Republic in violation of the agreement because they were recorded.

          But the more practical reason that Alliance’s claim is not subject to the discovery rule is that drilling activity in the
general area was evident to the public.  Further, anyone exercising due
diligence would have easily seen the drilling activity and production
activity.  A simple drive-by would have put a reasonable person on notice of
facts that further inquiry was warranted and a reasonable inquiry would have
revealed the alleged interference by Republic of Alliance’s agreement with the
third party.

          We hold the discovery rule is not
available to Alliance to extend the limitations period and overrule Alliance’s issue.

Conclusion

          Having overruled all of Alliance’s issues, we affirm the trial court’s judgment that Alliance take nothing from
Republic.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed

Opinion
delivered and filed November 22, 2006

[CV06]