Opinion issued July 1, 2010

                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01144-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ELIZABETH HARPER, Appellant

 

V.

 

MAC HAIK FORD, LTD., Appellee

 

 



On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 910257

 

 



MEMORANDUM OPINION

          Almost
four years after she purchased a new Ford F-150 truck, Elizabeth Harper sued
Mac Haik Ford, Ltd. (“Mac Haik”) for fraud, negligent misrepresentation,
tortious interference with prospective business relations, and violations of
the Texas Finance Code and Deceptive Trade Practices Act.  The trial court granted summary judgment in
favor of Mac Haik on all of Harper’s claims. 
On appeal, Harper contends that the trial court erred in granting
summary judgment because Harper filed her claims within the applicable statutes
of limitation and fact issues exist to support them.[1]  We hold that limitations bars Harper’s claims
and therefore affirm.

Background

On March 18, 2004, Harper bought a new
Ford F-150 from Mac Haik.  She financed
the purchase through MemberSource Credit Union (“MemberSource”) at a 10.5%
interest rate.  During the purchase
negotiations, a Mac Haik representative allegedly informed Harper that the
dealership would obtain the “lowest price available” from MemberSource.

Harper also purchased an extended
service contract and financed the price of this contract as part of the total
purchase price.  The extended service
contract charge appeared in an itemized section of the installment contract
entitled “Other Charges Including Amounts Paid to Others on Your Behalf.”  The caption of this section notes that the
“Seller may keep part of these amounts.” 
In a subsection, Mac Haik identified “Ford ESP” as a payee for a
“service contract” in the amount of $2700.

On December 21, 2007, Harper sued Mac
Haik, claiming that (1) it did not give her the lowest available financing
rate, (2) it misrepresented the amount paid to Ford ESP, and (3) it pocketed
the difference in both cases.  Harper’s
counsel requested that the clerk issue a citation and return it to counsel for
service at a later date.  Harper served
Mac Haik with citation about three months later, on March 19, 2008.  In 2009, Harper amended her petition to add
claims against Mac Haik for negligent misrepresentation, tortious interference
with prospective business relations, and for violation of the DTPA laundry
list.

Mac Haik moved for summary judgment
on all of Harper’s claims.  Mac Haik
contended that Harper could present no evidence of any element of her claims
and further contended that limitations barred Harper’s claims because Harper
did not file suit within two years of her alleged injury, and did not serve Mac
Haik within four years of her injury.

Harper responded on September 21,
2009, four days before the hearing on Mac Haik’s summary judgment motions.  Harper contended that she sued and served Mac
Haik within the limitations period because the discovery rule applied to all of
her claims due to Mac Haik’s “fraudulent and deceptive conduct.”  She further contended that her causes of
action did not accrue when she purchased the vehicle, but instead accrued when
she consulted her attorney about the purchase, “well after the March 18, 2004
purchase date.”

As summary judgment evidence, Harper
attached her affidavit, describing the representations made to her by Mac Haik,
and the deposition of Jeffrey Heath, chief financial officer of Mac Haik.  Harper stated that Mac Haik representatives
told her that 10.5% was the lowest available interest rate from MemberSource,
even though MemberSource actually had approved a 7.5% rate.  Heath testified that, usually, Mac Haik
contracts with the customer for a 10.5% interest rate before it submits the
credit application to the lender.  The
interest rate contracted for is higher than the MemberSource rate; MemberSource
keeps a portion of that differential, generally 25%, and pays the remainder to
Mac Haik as a fee.  Harper also contended
that Mac Haik intentionally interfered with her prospective business
relationship with MemberSource, because MemberSource approved financing
Harper’s purchase at a 7.5% rate, but Mac Haik induced Harper to sign the
contract at 10.5%.

Harper further stated that Mac Haik
representatives told her that the extended service contract cost $2700, but Mac
Haik only paid $725.71 to Ford ESP and retained the remainder.  Heath confirmed that, although the contract
stated that the cost of an extended service contract, payable to Ford ESP, was
$2700, Mac Haik paid Ford ESP $725.71 and kept a portion of the remainder.  Harper contended that Mac Haik’s
misrepresentations violated the DTPA’s prohibition against failing to disclose
information concerning goods or services when the defendant intends this
failure to induce the consumer into the transaction.  See
Tex. Bus. & Com. Code Ann.
§ 17.46(b)(24) (Vernon Supp. 2009).

In its supplemental reply, Mac Haik
requested that the trial court strike Harper’s response and affidavit because
Harper failed to file and serve these documents at least seven days before the
summary judgment hearing and she did not obtain leave of court to late-file.

The trial court granted summary
judgment in favor of Mac Haik on all of Harper’s claims.

Discussion

Standard of Review

          We
review de novo the trial court’s ruling on a motion for summary judgment.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009). 
After an adequate time for discovery, a party may move for no-evidence
summary judgment if no evidence exists of one or more essential elements of a
claim or defense on which the adverse party bears the burden of proof at
trial.  Tex.
R. Civ. P. 166a(i); see also Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).  The trial court must grant a no-evidence
summary judgment motion unless the non-movant produces competent summary
judgment evidence that raises a genuine issue of material fact on each element
specified in the motion.  Tex. R. Civ. P. 166a(i);
Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 582 (Tex. 2006).  In a traditional
motion for summary judgment, the movant must establish that no genuine issue of
material fact exists and the movant is thus entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  To determine if the non-movant raised a fact
issue, we review the evidence in the light most favorable to the non-movant,
crediting favorable evidence if reasonable jurors could do so, and disregarding
contrary evidence unless reasonable jurors could not.  See
Fielding, 289 S.W.3d at 848 (citing City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

Late-Filed Summary Judgment Response

          Mac
Haik first contends that the trial court correctly granted summary judgment on
Harper’s claims because she filed and served her response, affidavit, and
supporting evidence four days before the hearing on Mac Haik’s motions and did
not request leave of court to late-file these documents.  Except on leave of court, the non-movant may
file and serve its summary judgment response and any opposing affidavits “not
later than seven days prior to the day of hearing.”  Tex. R. Civ. P. 166a(c).  We presume that the trial court does not
consider a late-filed summary judgment response and supporting evidence when
“the record contains nothing indicating the trial court considered a late-filed
response.”  Neimes v. Ta, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet.
dism’d) (citing Benchmark Bank v. Crowder,
919 S.W.2d 657, 663 (Tex. 1996)); INA of
Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985) (“Bryant’s response to
INA’s motion for summary judgment was not timely filed, and nothing appears of
record to indicate that the late filing was with leave of court.  Therefore, we must presume that the trial
court did not consider it in rendering a take nothing judgment in favor of
INA.”).  The trial court can grant
permission to late-file a response in “a separate order, a recital in the
summary judgment, or an oral ruling contained in the reporter’s record of the
summary judgment hearing.  In any event,
the record must contain an affirmative indication . . . that
the trial court permitted the late filing of the response.”  Neimes,
985 S.W.2d at 138; see also Pinnacle Data
Servs., Inc. v. Gillen, 104 S.W.3d 188, 193 (Tex. App.—Texarkana 2003, no
pet.) (holding that merely mentioning response in
summary judgment does not defeat presumption that trial court did not consider
response).

Here, Harper filed her response,
affidavit, and supporting deposition testimony four days before the summary
judgment hearing.  She did not move the
trial court for leave to late-file the response.  The trial court, however, stated the
following in its summary judgment: 
“After considering the Motion, the response, the evidence presented and
the arguments of counsel, the Court is of the opinion that the Motion is
well-taken and is hereby GRANTED.”  This
recitation in the summary judgment reflects that the trial court considered
Harper’s response and supporting evidence, despite its untimely filing.  We therefore hold that Harper’s summary
judgment response and evidence was properly before the trial court.

Statute of Limitations

          Statute
of limitations is an affirmative defense, and thus a defendant moving for
summary judgment on this basis must (1) conclusively prove when the cause of
action accrued, and (2) negate the discovery rule, if it applies and the
plaintiff has pleaded or raised it, by proving that no fact issue exists
regarding when the plaintiff discovered, or should have discovered through
reasonable diligence, the nature of her injury. 
KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999). 
Generally, a cause of action accrues when a party is injured by the acts
or omissions of another, even if “the fact of injury is not discovered until
later, and even if all resulting damages have not yet occurred.”  S.V. v.
R.V., 933 S.W.2d 1, 4 (Tex. 1996); see
also Barker v. Eckman, 213 S.W.3d 306, 311 (Tex. 2006).  For the discovery rule to apply,
the nature of the injury must be inherently undiscoverable and the injury must
be objectively verifiable.  Barker, 213 S.W.3d at
312.  Discovery of a particular
injury depends on the nature of the injury, as well as the circumstances in
which the injury occurred and the plaintiff’s diligence.  S.V.,
933 S.W.2d at 7. 
An injury is inherently undiscoverable if, by its nature, it is unlikely
to be discovered within the particular limitations period despite due diligence
by the plaintiff.  Id.; see also Computer
Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996).

If the movant establishes that limitations bars the action, the non-movant must present
evidence raising a fact issue on the applicability of the discovery rule to
avoid limitations.  See KPMG Peat Marwick, 988 S.W.2d at 748.  The plaintiff bears the burden of pleading and
proving facts supporting the discovery rule. 
See J.M. Krupar
Constr. Co. v. Rosenberg, 95 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.]
2002, no pet.).

A.   
DTPA and Tortious Interference Claims

A
plaintiff must bring suit under the DTPA within two years after the date on
which the false, misleading, or deceptive act or practice occurred, or within
two years after the consumer discovered, or should have discovered through the
exercise of reasonable diligence, the occurrence of the false, misleading, or
deceptive act or practice.  Tex. Bus. & Com. Code Ann.
§ 17.565 (Vernon 2002); KPMG Peat
Marwick, 988 S.W.2d at 749 (noting that discovery rule applies to DTPA
claims).  The statute of limitations for
tortious interference with prospective business relations is also two years
from accrual of the cause of action.  See First Nat’l Bank v. Levine, 721
S.W.2d 287, 288–89 (Tex. 1986) (holding that tortious interference falls within
the definition of “trespass” under section 16.003(a) of Civil Practice and
Remedies Code, which provides for two-year limitations period).  A cause of action for tortious interference
with prospective business relations accrues when “existing negotiations, which
are reasonably certain of resulting in a contract, are interfered with such that
the negotiations terminate and harm to the plaintiff results.”  Hill v. Heritage Res., Inc., 964 S.W.2d 89, 116 (Tex. App.—El Paso
1997, pet. denied).

Harper first
asserted her DTPA and tortious interference claims in her first amended
petition, filed in July 2009.  Her
amended petition relates back to her original petition, filed on December 21,
2007, because these claims are based on the same transaction or occurrence.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.068 (Vernon 2008).  Even
relating these claims back to the filing date, however, they come more than two
years past the purchase of the car. 
Harper thus urged that the discovery rule applies to defer the accrual
date for these causes of action to some point that is within two years of the
date of filing the suit.

As the
party asserting the discovery rule in response to Mac Haik’s limitations affirmative
defense, Harper bears the burden to raise a fact issue regarding application of
the rule.  See KPMG Peat Marwick, 988 S.W.2d at 748; J.M. Krupar Constr. Co., 95 S.W.3d at
329.  In her affidavit, Harper stated:  “I was not aware of my claims against [Mac
Haik] until such time as I sought legal advice from my attorney.”  Harper offered nothing else to support her
contention that the discovery rule applies. 
Harper does not state when she consulted her attorney, nor does she
detail any attempts she made to discover her injury or the impetus behind
consulting an attorney regarding this purchase.

An
affidavit that states conclusions without admissible supporting facts is not
proper summary judgment evidence.  See Ryland Group, Inc. v. Hood, 924
S.W.2d 120, 122 (Tex. 1996) (“Conclusory affidavits are not enough to raise
fact issues.  They are not credible, nor
susceptible to being readily controverted.”); Prime Prods., Inc. v. S.S.I. Plastics, Inc.,
97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (holding
that affidavits opposing summary judgment motions must set forth facts
admissible in evidence).  We hold that
Harper did not raise a fact issue about the discovery rule so as to toll the
limitations beyond March 18, 2006 for a car purchase that took place on March
18, 2004, with a statement that she learned of her claim when she consulted an
attorney on an unidentified date.  The
trial court correctly ruled that Harper’s DTPA and tortious interference claims
are barred by limitations.

B.   
Fraud and Finance Code Claims

The Civil Practice and Remedies Code provides that a plaintiff must bring suit for a fraud claim
within four years from the date the cause of action accrues.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.004(a)(4) (Vernon 2002); see also Tex. Fin. Code Ann. § 349.402(a) (Vernon 2006) (“[A]n
action under this chapter must be brought before the later of (1) the fourth
anniversary of the date of the loan or retail installment transaction with
respect to which the violation occurred; or (2) the second anniversary of
the date on which the violation occurred.”). 
In fraud cases, the statute of limitations does not begin to run until
the plaintiff discovers the fraud or might have discovered it through the
exercise of reasonable diligence.  Little v. Smith, 943 S.W.2d 414, 420
(Tex. 1997); Computer Assocs., 918
S.W.2d at 455 (“Similar to the discovery rule exception, where fraud is
alleged, we have granted the claimant the benefit of deferring the cause of
action until the claimant discovered or should have discovered the fraud.”).

Harper’s
summary judgment evidence does not create a fact issue on when she discovered
the nature of her injury beyond the date she purchased the car.  Mac Haik’s alleged misrepresentations
occurred when Harper purchased the vehicle on March 18, 2004.  Harper offers no evidence as to when she
discovered their fraudulent nature save for her affidavit that she “was not
aware of my claims against Defendant until such time as I sought legal advice
from my attorney.”  Such an affidavit
does not defer limitations because it does not set forth facts establishing
that Harper did not discover, and with reasonable diligence, could not have
discovered the fraudulent nature of the representations so as to defer the
accrual date beyond when Mac Haik made the misrepresentations.

Second,
no evidence exists that Mac Haik “deceitfully conceal[ed
its] wrongdoing until limitations [had] run.” 
See S.V., 933
S.W.2d at 6.  Harper discovered the fraud and asserted
fraud claims within the original limitations period.  Harper has not raised a fact issue that the
injury here was inherently undiscoverable. 
An injury is “inherently undiscoverable” if, due to the nature of the
injury, it is “unlikely to be discovered within the prescribed limitations
period despite due diligence” by the plaintiff. 
Id. at 7.  Here, Harper discovered her injury within the
four-year limitations period, and brought suit within that period.

C.  
Service of Suit and Limitations

Because we hold that the record
raises no issue of fact to apply the discovery rule to defer the accrual of Harper’s
fraud and Finance Code claims, we must determine whether Harper exercised
diligence in serving Mac Haik.  A timely
filed suit does not interrupt the applicable statute of limitations unless the
plaintiff “exercises due diligence in the issuance and service of
citation.”  Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007) (citing Murray v. San Jacinto Agency, Inc., 800
S.W.2d 826, 830 (Tex. 1990)); Ashley v.
Hawkins, 293 S.W.3d 175, 179 (Tex. 2009) (“[S]ervice outside the
limitations period may still be valid if the plaintiff exercises diligence in
procuring service on the defendant.”).  If
the plaintiff diligently effects service after limitations expires, the date of
service relates back to the date of filing. 
Proulx, 235
S.W.3d at 215.

          Once
the defendant affirmatively pleads limitations and demonstrates that it was not
served until after limitations expired, the summary judgment burden shifts to
the plaintiff to explain the delay.  Id. at 216.  The plaintiff must present evidence
demonstrating the efforts made to serve the defendant and explaining “every
lapse in effort or period of delay.”  Id.; Brown v. Shores, 77 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.]
2002, no pet.) (“Lack of diligence may be shown as a matter of law based
on unexplained lapses of time between the filing of the petition and service on
the defendant.”).  Here, Harper sued Mac
Haik on December 21, 2007 and requested that the clerk issue and return citation
to her attorney’s office for service at a later date.  The clerk issued citation on December 27;
however, Harper did not serve Mac Haik until March 19, 2008, one day after the
expiration of limitations.  In her
summary judgment response, Harper asserted the discovery rule, but did not
offer any explanation for her delay in serving Mac Haik.  Without an explanation for her delay in
serving Mac Haik, Harper’s claims are barred by limitations.  The trial court thus properly granted summary
judgment.

Conclusion

We hold that limitations
bars Harper’s claims.  We
therefore affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Sharp.











[1] Harper does not challenge the trial court’s grant of
summary judgment on her negligent misrepresentation claim.